UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYMETRA LIFE INSURANCE
COMPANY,

     Plaintiff,

v.

ESTATE OF MICHAEL SANDERS,
et al.,

     Defendants.

Case No. 25-cv-12781

Honorable Robert J. White
Magistrate Judge Kimberly G. Altman

---

**OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE PROPOSED INTERVENORS' OBJECTIONS, REJECTING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, STAYING THE CASE, DENYING PAIGE SANDERS'S MOTION TO DISMISS THE COMPLAINT AS PREMATURE, AND DENYING THE PROPOSED INTERVENORS' MOTIONS AS PREMATURE**

---

I.    <u>Introduction</u>

    Symetra Life Insurance Company commenced this interpleader action, pursuant to 28 U.S.C. § 1335, to determine who is entitled to the remaining annuity payments on a policy belonging to Michael Sanders. Michael's siblings and nephew (the "Proposed Intervenors" collectively) argue that his estate is entitled to the remaining payments. But his former spouse and two children, Paige and Ryan (the

"Immediate Relatives" collectively), contend that the remaining payments are owed to them.

Before the Court is Magistrate Judge Kimberly G. Altman's June 2, 2026 report and recommendation. (ECF No. 28).  The report recommended that the Court grant Paige Sanders's motion to dismiss the complaint and deny the Proposed Interventors' intervention-related motions. (ECF Nos. 5, 9, 13, 17, 20, 26).  The Proposed Intervenors timely objected to the report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). (ECF No. 29).  Paige Sanders responded in opposition. (ECF No. 32).  The Proposed Intervenors filed a reply (ECF No. 34).

For the following reasons, the Court will (1) sustain in part and overrule in part the Proposed Intervenors' objections, (2) reject in part and modify in part the magistrate judge's report and recommendation, (3) stay the case, (4) deny Paige Sanders's motion to dismiss the complaint as premature, and (5) deny the Proposed Intervenors' motions as premature.

II.     Background

Since the Proposed Intervenors never objected to the magistrate judge's factual summary in the June 2, 2026 report and recommendation, the Court finds that the recitation of the underlying allegations is accurate, and it will adopt the magistrate judge's summary of those allegations as they appear in the report and recommendation. (ECF No. 28, PageID.351-59).

III.    Legal Standard

District judges review *de novo* any part of the magistrate judge's recommended disposition "that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).   "In conducting a *de novo* review," however, "the district court is not constrained by the parties' objections." *Childrey v. Chater*, No. 95-1353, 1996 U.S. App. LEXIS 44857, at *3 n.1 (6th Cir. Jul. 25, 1996).  Although the Federal Magistrates Act "does not require" a district judge "to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  Instead, "the discretion Article III requires with respect to dispositive matters permits the district judge to decide such an issue in any way he or she deems proper, and to reject, or pay no attention whatsoever to, the magistrate judge's findings." 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3070.2 (3d ed. Apr. 2026 Update).

IV.    Analysis

Although the Proposed Intervenors object to the report and recommendation on several grounds, they challenge two rulings that are central to the magistrate judge's recommended disposition: (1) that the *Rooker-Feldman* doctrine deprives the Court of jurisdiction to entertain this matter; and (2) that even if the *Rooker-*

*Feldman* doctrine is inapplicable, the state probate court's annuity-distribution order collaterally estops this Court from deciding who is entitled to the remaining annuity payments.  The Proposed Intervenors are correct on both accounts.

    A.      *Rooker-Feldman Doctrine*

Collateral attacks on state court decisions are barred under the *Rooker-Feldman* doctrine.  By way of background, the United States Court of Appeals for the Sixth Circuit has explained:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257. *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000).  We refer to this doctrine as the *Rooker-Feldman* doctrine. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001).  In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-937 (6th Cir. 2002) (footnote omitted).  Successfully asserting the *Rooker-Feldman* doctrine deprives federal

courts of subject matter jurisdiction. *See Neff v. Flagstar Bank, FSB*, 520 F. App'x 323, 326 (6th Cir. 2013); *see also Saker v. Nat'l City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004).

The doctrine's application requires, however, that the challenged state-court decision *precede* the commencement of litigation in federal district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (confining the *Rooker-Feldman* doctrine to "cases brought by state-court losers complaining of injuries caused by state-court judgments *rendered before the district court proceedings commenced*") (emphasis added); *see also Hunter v. Hamilton County Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011); 18B Wright & Miller, Federal Practice and Procedure § 4469.2 (3d ed. Apr. 2026 Update) ("Jurisdiction is upheld if the [federal] action was filed before the state-court judgment . . .").

Because Symetra commenced this interpleader action nearly eight weeks before the state probate court issued its annuity-distribution order, the *Rooker-Feldman* doctrine cannot divest the Court of subject matter jurisdiction. *See Hunter*, 635 F.3d at 233 (deciding that *Rooker-Feldman* was inapplicable where the challenged state-court judgment "was issued nearly seven weeks after Hunter filed her complaint in federal district court.").

As a result, the Proposed Intervenors' objection to this portion of the report and recommendation is sustained. And the corresponding portion of the report and recommendation is rejected.

B.      *Collateral Estoppel*

Collateral estoppel is not an appropriate ground for dismissing this case either. Collateral estoppel (also known as issue preclusion) is a form of *res judicata*. *See Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020). It is a legal doctrine that "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Id.*

Federal courts must afford state court orders (including probate court orders) "the same preclusive effect they would receive under state law." *Livingston v. Jay Livingston Music, Inc.*, 142 F.4th 433, 440 (6th Cir. 2025) (addressing the preclusiveness of a California probate court order); *see also* 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). So the Court must consult Michigan law to ascertain the probate court order's preclusive effect.[1]

In Michigan, collateral estoppel bars relitigating an issue (either factual or legal) that was already decided in a prior case "between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue

---

[1] The magistrate judge applied the federal collateral estoppel standard mistakenly. (ECF No. 28, PageID.364) (citing *Ark. Coals, Inc. v. Lawson*, 739 F.3d 309, 320-21 (6th Cir. 2014)).

in question was actually and necessarily determined in that prior proceeding." *Bryan v JP Morgan Chase Bank*, 304 Mich. App. 708, 715 (2014) (quotation marks and citation omitted). "A decision is final when all appeals have been exhausted or when the time available for an appeal has passed." *Id.* at 716 (quotation marks and citation omitted).

Here, the probate court's annuity-distribution order is not final because the Proposed Intervenors have yet to exhaust their state appellate remedies. *See id.* Their current appeal from the probate court order is pending in the Michigan Court of Appeals. Michigan Court of Appeals, *In re Estate of Sanders*, Nos. 377927, 378239, 378463, Docket, https://www.courts.michigan.gov/c/courts/coa/case/378239 (last visited Jul. 9, 2026). And in the event they obtain an adverse ruling, the Proposed Intervenors are entitled to file an application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. Rule 7.303(B)(1).

Since the probate court order lacks finality, Michigan's collateral estoppel doctrine does not preclude the Court from adjudicating the merits of this interpleader action.

The Proposed Intervenors' objection to the magistrate judge's contrary finding is, therefore, sustained. The corresponding portion of the report and recommendation is rejected. And Paige Sanders's motion to dismiss the complaint (ECF No. 17) is denied without prejudice as premature. Paige is granted leave to

refile the motion in the event the Proposed Intervenors exhaust their state appellate remedies.

### C.    *Colorado River Abstention*

Hurdling both *Rooker-Feldman* and collateral estoppel opens the way to adjudicating the merits.  But the prospect of issuing an opinion that either conflicts with or reaffirms the probate court's annuity-disbursement order doesn't sit quite well.  What about the notion of conserving judicial resources?  What about avoiding redundant litigation and the risks attendant to conflicting decisions?  What about resolving lawsuits in the most comprehensive way possible?  Deciding the case now seems to fly in the face of these longstanding prudential concerns.

Enter the concept of abstention, which the Court may invoke *sua sponte*. *See, e.g.*, *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 525 (7th Cir. 2021) (raising *Colorado River* abstention *sua sponte*); *Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 27 n.4 (1st Cir. 2010) ("As with other forms of abstention, our decision to decline jurisdiction under *Colorado River* may be *sua sponte*."); *cf. Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 570, 572-73 (6th Cir. 1994) (reversing the district court's *sua sponte* invocation of *Colorado River* abstention on other grounds); *Chellman-Shelton v. Glenn*, 197 F. App'x 392, 393, 395 (6th Cir. 2006) (same).

8

In the normal course, "a federal court's obligation to hear and decide a case is virtually unflagging." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 77 (2013) (quotation omitted). "Parallel state-court proceedings do not detract from [this] obligation." *Id.* Even still, "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quotation omitted). The abstention doctrine announced in *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) "is premised" upon these very considerations. *Healthcare Co. v. Upward Mobility, Inc.*, 784 F. App'x 390, 393 (6th Cir. 2019).

*Colorado River* abstention poses two distinct questions: (1) whether the state and federal proceedings are parallel, and if so (2) whether *Colorado River*'s eight factors weigh in favor of abstention. *Romine*, 160 F.3d at 340-41. The Court will address each of these prongs in turn.

1. Parallelism

State court proceedings need not be identical to the federal action in order to be parallel. The two proceedings must only be "substantially similar" to each other. *Romine*, 160 F.3d at 340. Substantial similarity hinges upon "the parties involved, the underlying factual allegations, the claims asserted, and the requested relief."

9

*Novak v. Federspiel*, No. 21-1722, 2022 U.S. App. LEXIS 21415, at *4-5 (6th Cir. Aug. 2, 2022).

Except for Symetra, the parties who appeared in the state probate proceeding are identical to the ones named here. (ECF No. 11). *See* Washtenaw County Probate Court, Register of Actions, Case No. 24-000487-DE, https://tcweb.ewashtenaw.org/Public Access/CaseDetail.aspx?CaseID=427127 (last visited Jul. 9, 2026). And, in any event, Symetra is a nominal party to this action because it commenced this lawsuit for the sole purpose of determining whether the estate or the Immediate Relatives are the rightful beneficiaries to the annuity. *See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) ("The test of whether or not a named defendant is a nominal party is if his role in the lawsuit is that of a depositary or stakeholder.") (quotation omitted); *see also Stewart Oil Co. v. Sohio Petroleum Co.*, 315 F.2d 759, 762 (7th Cir. 1963) (stating that "under statutory interpleader, 28 U.S.C. § 1335, . . . the stakeholder is totally without interest and is only a nominal party"); *Tune, Entrekin & White, P.C. v. Magid*, 220 F. Supp. 2d 887, 889 (M.D. Tenn. 2002) ("In an interpleader case, the nominal plaintiff is merely formal . . ."). So Symetra's absence from the state probate proceeding is immaterial to the parallelism inquiry. *See Sec. Life of Denver Ins. Co. v. Hersko*, No. 24-05215, 2026 U.S. Dist. LEXIS

10

67836, at *17-18 (E.D.N.Y. Mar. 30, 2026) (finding that parallelism existed even though the interpleader-plaintiff was not a party to the state court action).

The underlying factual allegations, legal claims, and requested relief are also the same. Paige Sanders and the estate seek want Symetra to distribute the annuity payments to the Immediate Relatives for the same reasons they advanced in the probate court. And the Proposed Intervenors request that Symetra distribute the annuity payments to the estate based on the same legal grounds they asserted in the probate court. That means the parallelism requirement is satisfied.

> 2.     *Colorado River* Factors

Since the proceedings are parallel, the Court must next evaluate the eight factors delineated in *Colorado River*. They are:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-41 (citations omitted). These factors are not intended as "a mechanical checklist." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). Courts should instead "carefully balance the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Healthcare Co.*, 784 F. App'x at 395.

11

At the outset, the first two factors do not favor abstention.  Neither this Court nor the state probate court assumed jurisdiction over any res or property (factor one). And although Paige Sanders is the only interested party who resides outside this district, she is already litigating the probate action in Washtenaw County. (ECF No. 1, PageID.2, ¶ 9) (stating that Paige is a "citizen of Massachusetts."). So "there is no reason to think the federal forum is less convenient" (factor two). *Bates v. Van Buren Twp.*, 122 F. App'x 803, 807 (6th Cir. 2004).

On the other hand, the remaining factors weigh decidedly in favor of abstention.  If this Court were to resolve the annuity-distribution question, its opinion could potentially conflict with or duplicate the state probate court's already-issued order.  "[T]wo courts would [then] be adjudicating the same legal issue – the classic piecemeal litigation situation" (factor three). *Healthcare Co.*, 784 F. App'x at 396. The probate proceedings commenced 15 months before this case (factor four). Washtenaw County Probate Court, Register of Actions, Case No. 24-000487-DE, https://tcweb.ewashtenaw.org/PublicAccess/CaseDetail.aspx?CaseID=427127 (last visited Jul. 9, 2026).  Michigan law governs how the remaining annuity payments should be distributed (factor five).  "There is no legitimate reason" apparent from the record to suspect that "the state court is not adequate to adjudicate the dispute" (factor six). *Id.*  The probate court already issued its annuity-distribution order more than eight months ago (factor seven). (ECF No. 11-10).  And there is no exclusive

12

federal jurisdiction over the annuity-disbursement issue (factor eight). *See id.*; *see also Preferred Care of Delaware, Inc. v. VanArsdale*, 676 F. App'x 388, 397 (6th Cir. 2017) (stating that "the presence of concurrent jurisdiction . . . counsels in favor of abstention.").

Because six of the eight factors weigh in favor of abstention, and those six factors address *Colorado River*'s core concerns, adjudicating the merits "would contravene the spirit of the *Colorado River* doctrine." *Healthcare Co.*, 784 F. App'x at 396.

So, now, how should this case proceed?  The Sixth Circuit's guidance is clear – "a stay is the best way to effectuate *Colorado River* abstention." *Bates*, 122 F. App'x at 809.  The Court will, therefore, stay this matter pending the disposition of the Proposed Intervenors' state-court appeal.  Symetra is directed to update the Court in the event the Proposed Intervenors (1) exhaust their state appellate remedies, or (2) obtain a state appellate decision reversing the probate court's annuity-distribution order.

D.    Intervention

Since abstention is appropriate while the Proposed Intervenors' state-court appeal remains ongoing, the Court will deny the their motions without prejudice as premature. (ECF Nos. 5, 9, 13, 20, 26).  The Proposed Intervenors are granted leave to refile the motions in the event they obtain a favorable decision on appeal.  Any

intervention-related objections to the report and recommendation are likewise overruled as premature. And the portion of the magistrate's judge's recommendation to deny the motions outright is modified to reflect this change. Accordingly,

IT IS ORDERED the Proposed Intervenors' objections to the magistrate judge's June 2, 2026 report and recommendation (ECF No. 29) are sustained in part and overruled in part.

IT IS FURTHER ORDERED that the magistrate judge's June 2, 2026 report and recommendation (ECF No. 28) is rejected in part and modified in part.

IT IS FURTHER ORDERED that the case is stayed pending the disposition of the Proposed Intervenors' state-court appeal.

IT IS FURTHER ORDERED that Symetra is directed to update the Court within three days after the Proposed Intervenors either (1) exhaust their state appellate remedies, or (2) obtain a state appellate decision reversing the probate court's annuity-distribution order.

14

IT IS FURTHER ORDERED that Paige Sanders's motion to dismiss the complaint (ECF No. 17) is denied without prejudice as premature.

IT IS FURTHER ORDERED that the Proposed Intervenors' motions (ECF Nos. 5, 9, 13, 20, 26) are denied without prejudice as premature.

Dated: July 15, 2026                             s/ Robert J. White
                                                 Robert J. White
                                                 United States District Judge